IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rodney David Young, | ) | C/A No.: 1:12-3009-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Christopher Griffin; Tammy Hamilton; | ) | |
| Dr. Mary Hammond; and Lt. D. Sisco, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Rodney David Young ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 against Christopher Griffin, Tammy Hamilton, Dr. Mary Hammond, and Lt. D. Sisco ("Defendants"). Griffin, Hamilton, and Sisco ("Officer Defendants") are correctional officers at Pickens County Detention Center ("PCDC"), and Dr. Hammond contracts with PCDC to provide medical care for its inmates. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). This matter comes before the court on Plaintiff's motions to amend [Entry #53, #56] and Plaintiff's motion to compel [Entry #67].

I.     Factual Background

Plaintiff alleges that on September 24, 2012, he requested an emergency mental health evaluation because he feared that he would be harmed if he remained housed in E-block of PCDC. [Entry #10 at 3]. Dr. Hammond evaluated Plaintiff and prescribed medications to treat his anxiety. *Id*. According to the complaint, Dr. Hammond and Tammy Hamilton discussed placing him in protective custody, but he was sent back to E-

block. *Id*. Plaintiff alleges that as a result of his fear of being assaulted, he obtained a weapon, but the weapon was discovered and confiscated during an October 2, 2012, search. *Id*. Plaintiff asserts that he informed Christopher Griffin that he was in danger, but that Griffin placed him back in E-block. *Id*. On October 3, 2012, Plaintiff was charged with possession of contraband by a prisoner. *Id*. Plaintiff alleges that as a result of being kept in E-block, he injured a fellow inmate. *Id*.

Although his amended complaint is silent as to injuries Plaintiff suffered at the hands of other inmates, Plaintiff attached a document entitled "Voluntary Statement" to the amended complaint. [Entry #10-3]. Although the document is partially redacted, it appears to be a November 6, 2012, statement by Plaintiff about an injury he allegedly suffered. *Id*.

In a supplement to his amended complaint, Plaintiff alleges that while incarcerated at PCDC, his seizure medication was monitored, but he did not receive a complete blood count ("CBC"). [Entry #13 at 1]. Plaintiff asserts that a CBC should be conducted every six months. *Id*. According to Plaintiff, he informed Hamilton of the issue and she told him she would inform Dr. Hammond. *Id*. Plaintiff also alleges that he was seen by Dr. Hammond, who he contends is not a mental health practitioner, for his mental health issues and she prescribed medications that can cause anxiety and seizures. *Id*. at 2. Plaintiff alleges that when he informed Lt. Sisco of this problem, Sisco told him that the "'standard gives them permission to prescribe any medication that they deem fit and if [Plaintiff doesn't] want it, [he can] refuse it.'" *Id*. Plaintiff seeks monetary relief. *Id*.

II.     Discussion

2

A.   Plaintiff's Motions to Amend

"[L]eave [to amend] shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).

Plaintiff's April 15, 2013, motion to amend seeks to add Officer Donnie Alexander as a party. [Entry #53]. Plaintiff alleges that he told Officer Alexander that he his feet were swollen and painful and he needed immediate medical attention. *Id*. at 2. Plaintiff alleges that Officer Alexander told him to stop eating salt and denied him access to medical care. *Id*. However, Plaintiff admits that he went to sick call two days later on January 17, 2013. Plaintiff's motion to amend to add Officer Alexander is denied as futile, because his allegations do not constitute deliberate indifference to a serious medical need.[1]

Plaintiff's May 17, 2013, motion to amend his complaint seeks to add various South Carolina Department of Corrections officers as defendants. [Entry #56]. The claims largely relate to Plaintiff's alleged lack of sufficient access to the law library. *Id*. The undersigned notes that the motion was filed a month after the deadline to amend the pleadings expired. Plaintiff's proposed amendment would be prejudicial to Defendants, because the claims he seeks to assert are unrelated to the claims being litigated in this

---

[1] Plaintiff's motion also states that he seeks to add a claim against Dr. Hammond for prescribing an antipsychotic medication even though she is allegedly not a mental health practitioner. However, Plaintiff previously asserted these claims in his supplement to his amended complaint. [Entry #13].

3

matter and would delay a ruling on the claims against Defendants. Additionally, Plaintiff's motion to amend was not timely filed. Finally, Plaintiff's proposed amendments would likely be futile, as there is no indication that he exhausted his administrative remedies, and he filed the motion to amend within a week of many of the incidents described in the proposed amendment. Therefore, Plaintiff's May 17, 2013, motion to amend is denied.

      B.      Plaintiff's Motion to Compel

Plaintiff filed a motion to compel seeking: (1) any and all rules, regulations, and standards of the PCDC; and (2) Dr. Hammond's "medical practice history and disciplinary reports." [Entry #67]. Plaintiff makes no showing of the relevance of his first request. Even if Defendants violated the rules, regulations, and standards of the PCDC, such violation does not prove that Defendants violated Plaintiff's constitutional rights. *Wright v. Moore*, C/A No: 8:12-1456-JFA-JDA, 2013 WL 4522903, *9 (D.S.C. August 26, 2013) (noting that § 1983 guarantees a person's constitutional rights are not violated by state actors, but does not provide any relief against prison rules violations) (citations omitted). Therefore, Plaintiff's motion to compel any and all rules and regulations of PCDC is denied.

With respect to Plaintiff's request related to Dr. Hammond's medical disciplinary report, such a request is untimely as Plaintiff's motion was filed over a month after the discovery deadline expired, and Plaintiff indicated that he had not previously served this request on Dr. Hammond. [Entry #67]. Independently, in response to Plaintiff's motion, Dr. Hammond submitted a verification of good standing by the South Carolina Board of

4

Medical Examiners. [Entry #68 at 2]. To the extent Plaintiff seeks further information, his motion to compel is denied.

III.  Conclusion

For the foregoing reasons, Plaintiff's motions to amend [Entry #53, #56] and Plaintiff's motion to compel [Entry #67] are denied.

IT IS SO ORDERED.

September 25, 2013  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

5