IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney David Young, | ) C/A No.: 1:12-3009-TMC-SVH |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Christopher Griffin; Tammy Hamilton; Dr. Mary Hammond; and Lt. D. Sisco, | ) |
| Defendants. | ) |

Rodney David Young ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 against Christopher Griffin, Tammy Hamilton, Dr. Mary Hammond, and Lt. D. Sisco ("Defendants"). Griffin, Hamilton, and Sisco ("Officer Defendants") are correctional officers at Pickens County Detention Center ("PCDC"), and Dr. Hammond contracts with PCDC to provide medical care for its inmates. This matter comes before the court on Officer Defendants' motion for summary judgment [Entry #62] and Dr. Hammond's motion for summary judgment [Entry #80]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motions. [Entry #65, #81]. These motions having been fully briefed [Entry #77, #79, #83, #87, #88], they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions for summary judgment are dispositive, this report and

recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends Defendants' motions for summary judgment be granted.

I.    Factual Background

Plaintiff alleges that on September 24, 2012, he requested an emergency mental health evaluation because he feared that he would be harmed if he remained housed in E-block of PCDC. [Entry #10 at 3]. Dr. Hammond evaluated Plaintiff and prescribed medications to treat his anxiety. *Id*. According to the complaint, Dr. Hammond and Tammy Hamilton discussed placing him in protective custody, but he was sent back to E-block. *Id*. Plaintiff alleges that as a result of his fear of being assaulted, he obtained a weapon, but the weapon was discovered and confiscated during an October 2, 2012, search. *Id*. Plaintiff asserts that he informed Christopher Griffin that he was in danger, but that Griffin placed him back in E-block. *Id*. On October 3, 2012, Plaintiff was charged with possession of contraband by a prisoner. *Id*. Plaintiff alleges that as a result of being kept in E-block, he injured a fellow inmate. *Id*.

Although his amended complaint is silent as to injuries Plaintiff suffered at the hands of other inmates, Plaintiff attached a document entitled "Voluntary Statement" to the amended complaint. [Entry #10-3]. Although the document is partially redacted, it appears to be a November 6, 2012, statement by Plaintiff about an injury he allegedly suffered. *Id*.

In a supplement to his amended complaint, Plaintiff alleges that while incarcerated at PCDC, his seizure medication was monitored, but he did not receive a complete blood

2

count ("CBC"). [Entry #13 at 1]. Plaintiff asserts that a CBC should be conducted every six months. *Id*. According to Plaintiff, he informed Hamilton of the issue and she told him she would inform Dr. Hammond. *Id*. Plaintiff also alleges that he was seen by Dr. Hammond, who he contends is not a mental health practitioner, for his mental health issues and she prescribed medications that can cause anxiety and seizures. *Id*. at 2. Plaintiff alleges that when he informed Lt. Sisco of this problem, Sisco told him that the "'standard gives them permission to prescribe any medication that they deem fit and if [Plaintiff doesn't] want it, [he can] refuse it.'" *Id*. Plaintiff seeks monetary relief. *Id*.

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.     Analysis[1]

1.     Fourteenth Amendment Review

Plaintiff's claims are analyzed through the lens of the Due Process clause of the Fourteenth Amendment. "[A] pretrial detainee, not yet found guilty of any crime, may not be subjected to punishment of any description." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Hill,* 979 F.2d at 991. "And the fact that such detention interferes with the detainee's understandable desire to live as

---

[1] Although Officer Defendants and Dr. Hammond filed separate summary judgment motions, Plaintiff's allegations regarding Defendants are so intertwined that the undersigned has analyzed the motions by claim.

comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell v. Wolfish*, 441 U.S. 520, 537 (1979). "A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. In doing so, the *Bell* court noted, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id.* at 546.

However, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243–44 (1983) and *Hill*, 979 F.2d at 991–92). Therefore, the standards applied in Eighth Amendment conditions of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees. *See Hill*, 979 F.2d at 991; *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (citations omitted).

2.     Failure to Protect

Plaintiff's allegations regarding his expressed fears of being housed on E-block are construed as asserting a failure to protect claim. Not every injury suffered by one inmate at the hands of other inmates constitutes liability for the prison officials responsible for the victim's safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish a claim for failure to protect, an inmate must show: (1) "serious or significant

5

physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious . . . risk of harm." *Id.* "[T]he official must be both aware of facts from which the inference could be drawn that a possibility of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. A showing of mere negligence does not qualify as deliberate indifference. *Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999).

Here, Plaintiff has not alleged in his complaint or amended complaint that he was injured by another inmate. "The mere fear of an attack happening is insufficient to establish a failure to protect claim." *See Wright v. Harley*, C/A No. 9:11-2839-RBH-BM, 2012 WL 1865685, *7 (D.S.C. April 24, 2012). Although Plaintiff attached a partially redacted copy of a "voluntary statement" to his amended complaint, he has failed to explain the statement in his amended complaint or attach an unredacted copy such that the court can decipher Plaintiff's allegations. [Entry #10-3]. A plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is well-settled that, even though a pro se litigant's pleadings are to be liberally construed, federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for pro se litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's amended complaint does not allege that he was injured and any damages resulting from his mental

distress for being worried about being attacked are not cognizable under the law. *See, e.g.,Wright v. Harley*, 2012 WL 1865685, *7.

Even if Plaintiff had been injured, he has not shown that Defendants knew of a specific risk of harm to him and consciously disregarded it. Plaintiff alleges only that he told Dr. Hammond and Hamilton about his fears of remaining in E-block and told Griffin that he was in "danger." [Entry #10 at 3]. Plaintiff's allegations are insufficient to show that Defendants consciously disregarded a specific risk of harm to Plaintiff. *See Hamlet v. Honeycutt*, C/A No. 0:12–2410–TMC, 2013 WL 4495963, *7 (D.S.C. Aug. 19, 2013) ("[T]he plaintiff . . . must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that the plaintiff complained to prison officials about a *specific* threat to his safety. In other words, the defendants had to know that there was a substantial risk that those who attacked [the plaintiff] would do so, yet failed to take any action.") (quoting *Miller v. Turner*, 26 F.App'x 560, 563 (7th Cir. 2001)) (emphasis in original). Therefore, the undersigned recommends Defendants be granted summary judgment on Plaintiff's claim for failure to protect.

        3.      Deliberate Indifference to Plaintiff's Serious Medical Needs

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs because: (1) he did not receive a CBC; (2) he was prescribed medications with potential side effects of anxiety and seizures; and (3) he did not receive treatment from a doctor who specialized in mental health. [Entry #13]. In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment

7

prohibition of punishments which "involve the unnecessary and wanton infliction of pain." *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–73 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle*, 429 U.S. at 103–105 (citations and footnotes omitted). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 107.

The Fourth Circuit has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff

8

may not prevail. *Estelle*, 429 U.S. at 102–103; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

Here, Plaintiff has not demonstrated a claim of deliberate indifference to his serious medical needs. Although Plaintiff contends that he should have received a CBC, should have been prescribed different medications for his mental disorders, and should have received counseling from a medical professional specializing in mental health, he has not shown that he suffered any injury or pain from these alleged deprivations. Plaintiff is now in the custody of the South Carolina Department of Corrections and is no longer receiving medical care from Dr. Hammond or the other defendants.

While Plaintiff may disagree with the decisions Dr. Hammond made with regard to his medical care, he has not shown that his constitutional rights were violated. Although the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice. *Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011)*; Jackson v. Fair*, 846 F. 2d 811, 817 (1st Cir. 1988). While the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F. 2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D.Kan. 1986). Mistakes of medical judgment are not subject to judicial review in a § 1983 action. *Russell v. Sheffer*, 528 F. 2d 318, 319 (4th Cir. 1975). Therefore, the undersigned recommends Defendants be granted summary

judgment with regard to Plaintiff's claim for deliberate indifference to his serious medical needs.

To the extent Plaintiff alleges Defendants' act or omissions constituted negligence or malpractice, such claims are insufficient to state a claim pursuant to § 1983. Plaintiff has also failed to bring a state-law claim of medical malpractice, as he failed to file a notice of intent to file suit and an expert affidavit as required by S.C. Code Ann. § 15–79–125.[2]

III.   Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that the district judge grant the Officer Defendants' motion for summary judgment [Entry #62] and Dr. Hammond's motion for summary judgment [Entry #80].

IT IS SO RECOMMENDED.

September 25, 2013                              Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] Although Plaintiff has requested that the court provide assistance [Entry #65 at 1], it is well-settled that a grant of in forma pauperis status does not mean that an "in forma pauperis plaintiff's discovery [or other court] costs either are underwritten or are waived." *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D.Pa. 1991); *Boring v. Kozakiewicz*, 833 F.2d 468, 473–75 (3rd Cir. 1987) (district court not required to pay for plaintiffs' expert medical witness).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).