IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Rodney David Young, | ) | |
| | ) | C/A No. 1:12-3009-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Christopher Griffin; Tammy Hamilton; | ) | |
| Dr. Mary Hammond; and Lt. D. Sisco, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Rodney David Young ("Plaintiff"), a state prisoner proceeding pro se, brings this action under 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On September 25, 2013, the magistrate judge issued a Report and Recommendation ("Report") recommending that Defendants' Motions for Summary Judgment (ECF Nos. 62 and 80) be granted. (ECF No. 90). The magistrate judge advised the parties of their right to file objections to the Report. (ECF No. 90 at 11). On October 15, 2013, Plaintiff filed objections to the Report (ECF No. 92) and on October 29, 2013, Defendants filed a reply to Plaintiff's objections (ECF No. 95).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As noted above, Plaintiff filed objections to the Report which the court has carefully reviewed. Plaintiff contends the magistrate judge erred in stating that Plaintiff requested mental health treatment and not an evaluation. (Objections at 1). Further, Plaintiff contends that he never stated why he was seeking mental health treatment. *Id*. Plaintiff also contends that the magistrate judge erred in stating that Plaintiff was in fear of being assaulted and had obtained a weapon for protection. (Objection at 3). Plaintiff contends that he had the shank to keep it away from another inmate. *Id*. Plaintiff states that he was not afraid of being housed in E-Block; rather he asserts that he was afraid of "getting jumped." (Objections at 5). Finally, Plaintiff attempts to establish an injury by submitting medical records noting a mild narrowing at L-5/S-1 of the spine from May-June 2013, some six months after the incidents alleged in the Complaint. (Objections at 6; ECF No. 94-1 at 16-17). The court finds Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate Plaintiff's claims.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court finds Plaintiff's objections are without merit and adopts the Report. Accordingly, Defendants' Motions for Summary Judgment (ECF Nos. 62 and 80) are **GRANTED**, and this Complaint is **DISMISSED**.

**IT IS SO ORDERED.**

                                                          s/Timothy M. Cain
                                                         United States District Judge

Anderson, South Carolina
November 15, 2013

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.